IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LISA LEE KWASINSKI                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO.:3:20-CV-143-DAS

KILOLO KIJAKAZI,
ACTING COMMISIONER OF THE
SOCIAL SECURITY ADMINISTRATION                                        DEFENDANT

### MEMORANDUM OPINION

The plaintiff, Lisa Lee Kwasinski seeks judicial review of the Social Security Administration's final decision. The case comes to this court in an unusual procedural posture. The plaintiff applied for Social Security benefits and received a letter denying her claim on April 18, 2018. A timely appeal of this denial followed. A second denial was issued by a letter dated October 29, 2018, denying the request for reconsideration. While this letter indicates it was copied to her attorney, counsel asserts that it was not received. After the time for appeal expired, a request for a hearing was sent to the SSA asking that the administration find good cause for the late request because counsel did not receive the denial letter. Instead the SSA issued a dismissal of the claim on June 6, 2019. The plaintiff has requested court to find that the plaintiff showed good cause for an extension of time to seek further review under the applicable regulations.

The Commissioner advised the court in its brief that, pursuant to *Smith v. Berryhill*, 139 S.Ct. 1765 (2019), the agency was electing not to invoke 42 U.S.C. § 405 (g) as a potential bar to judicial review. The Commissioner, however, seeks affirmance of the agency's decision not to allow the plaintiff to proceed because of the delayed request for a hearing.

1

### 1. Analysis of Jurisdiction

Though neither side has challenged the court's jurisdiction the court first considered whether it has jurisdiction to hear this appeal. 42 U.S.C. § 405 (g) provides the jurisdiction of the federal courts to review Social Security decisions. It provides in pertinent part:

> Any individual, *after any final decision of the Commissioner of Social Security made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides**.** *Id.* Emphasis added.

The question of this court's jurisdiction arises because there is a final decision in this case, with *res judicata* barring any award of benefits for the time covered by the application, but there has not been any hearing. In *Smith v. Berryhill*, the plaintiff sought to appeal the denial of benefits despite a procedural default, but in that case, the denial of benefits came after a hearing before the administrative law judge, and the plaintiff's procedural misstep was in failing to timely request review by the Appeals Council. The question before the court was whether the Appeals Council's dismissal of the request for review was a final decision subject to review in the federal courts. The Commissioner took the position that the decision was subject to review, but both the district court and the Sixth Circuit found that it was not a final decision and therefore the court's lack jurisdiction to entertain the appeals. Noting the "strong presumption that Congress intends judicial review of the administrative action," the Court found the failure to exhaust remedies was waivable and the decision appealable to the federal courts. *Id.* at 1776 (quoting *Bowen v. Michigan Academy of Family Physicians,* 476 U.S. 667, 670 (1986)). In dicta, the court further found its precedents suggested that the "after a hearing" requirement "is not an ironclad prerequisite for judicial review." *Id.* at 1774.

In this case the court is dealing with a procedural default in requesting a hearing before the ALJ. The agency is waiving any right it might have under the statute to challenge the appeal. In numerous cases since *Smith,* the absence of an administrative hearing has, as the Supreme Court indicated, not proven necessarily fatal to the jurisdiction to entertain an appeal. In *Wilson v. Comm'r of Soc. Sec.,* 2021 WL 3878252 (11th Cir. 2021) the claimant failed to appear at the noticed in-person hearing, citing traffic problems. The ALJ dismissed the request for a hearing finding no good cause for his failure to appear. As in this case, the Commissioner waived any argument that the court could not review the ALJ's dismissal of the case. The district court dismissed the case for lack of subject matter jurisdiction under § 405(g). Noting the language from *Smith* that "an ALJ hearing is not an ironclad prerequisite for judicial review," the Eleventh Circuit found that the requirements for administrative exhaustion were waivable and non-jurisdictional. Those administrative compliances having been waived; the court had subject matter jurisdiction under § 405(g).

This court reached the same conclusion in *Wills v. Commissioner of Social Security,* 2019 WL 3953954 (N.D. Miss. Aug 21, 2019). The court found because "the exhaustion requirement is waivable by definition, it is non-jurisdictional." *Id.* at *1 (citing *Escalera v. Commissioner of Social Security*, 457 F. App'x 4, n.1 (2nd Cir. 2011)). The court dismissed the appeal based on the failure to exhaust administrative remedies, but found because Wills had "presented" his claim to the SSA, the court had jurisdiction to entertain the appeal.

After reviewing the foregoing cases and because the Commissioner has waived exhaustion arguments as a potential challenge to this court's jurisdiction, the court finds that it has subject matter jurisdiction.

**Analysis on the Merits**

The court next turns to the merits of the appeal. Here the scope of judicial review is limited to the procedural ground forming the basis for the dismissal. *Smith*, 139 S.Ct. at1779-80. The plaintiff challenges the Commissioner's refusal to allow the untimely request for a hearing. This final decision is entitled to the same deferential review as a decision on the merits limited to a review for abuse of discretion and whether any finding of facts is supported by substantial evidence. *Smith,* 139 S.Ct at 1779, n.19.

A claimant is given 60 days from receipt of the denial of reconsideration in which to request a hearing before an ALJ. 20 C.F.R. § 404.933 (b)(1). The claimant is presumed to have received the letter within five days of its date, giving a total of 65 days in which to make the request for hearing. 20 C.F.R. § 404.901. This plaintiff's request for a hearing was received by the Social Security Administration on March 26, 2019, 149 days after the notice and nearly three months beyond the deadline. In the absence of an extension of time, the administration may dismiss a request for hearing. Here the ALJ found that the plaintiff had not shown good cause for missing the deadline under § 404.911. The notice of denial of the reconsideration was mailed to her at her home address on the agency's records and agency records also showed a copy of that letter was also mailed to her attorney's office.

While "SSA is a massive enterprise and mistakes will occur," this court must determine if there has been an abuse of discretion in the determination by the SSA that the error is on the claimant's side. *Smith,* 139 S.Ct. at 177. Given the volume of correspondence the agency handles and the court's familiarity with claimant's counsel, this court is inclined to think this unintentional error was made by the agency. In fact, plaintiff's counsel admitted the agency with some regularity gives the benefit of the doubt in allowing cases to proceed despite procedural

4

default. Nevertheless, this court cannot say that the factual basis for the decision is either unsupported by substantial evidence or that the decision to deny the out-of-time request amounts to an abuse of discretion. The court, therefore, must conclude that the final decision of the Commissioner must be affirmed.

    A separate judgment shall issue.

    **This** the 4th day of January, 2022.

                                              /s/ David A. Sanders
                                              U.S. MAGISTRATE JUDGE